## UNITED STATES v. 738 CASES, EACH CONTAINING 48 CARTONS OF ARTICLE LABELED IN PART JIFFY–LOU VANILLA FLAVOR PUDDING.

### Civil Action No. 658.

District Court, D. Arizona.

Feb. 8, 1946.

Charles B. McAlister, Asst. U. S. Atty., of Phoenix, Ariz., for plaintiff.

Mark Wilmer of Snell, Strouss & Wilmer Office, all of Phoenix, Ariz., for defendant.

LING, District Judge.

The issues made by the Amended Libel and the Answer thereto of Safeway Stores, Incorporated, having been heretofore tried by the Court, sitting without a jury, and the Court having heretofore made and entered its order determining said issues and directing the dismissal of said libel proceedings, the Court now makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

I. That pursuant to a libel proceedings instituted by the United States District Attorney for the District of New Jersey in the United States District Court for said District of New Jersey, praying for the condemnation of the article hereinafter described as misbranded within the meaning of 21 U.S.C. 343(d), 21 U.S.C.A. § 343(d), and to the monition issued thereon, the United States Marshal for the said District of New Jersey attached 408 cases of merchandise, more or less, each containing 48 cartons of an article labeled in part "Jiffy-Lou Vanilla Flavor Pudding" and thereafter and now holds said merchandise in his custody thereunder.

II. That thereafter Safeway Stores, Incorporated, a Maryland corporation, intervening in said proceeding, made and filed its claim to said merchandise, in the manner and form required by law, claiming to be the true and bona fide sole owner of said 408 cases, more or less, of said merchandise.

III. That thereafter said Safeway Stores, Incorporated, as such claimant, deposited the sum of $250 with the Clerk of said United States District Court for the District of New Jersey in lieu of a stipulation for claimant's costs, which said sum remains on deposit with the Clerk aforesaid.

IV. That thereafter claimant, Safeway Stores, Incorporated, filed its petition for removal of said proceedings pursuant to Section 304 of the Federal Food, Drug, and Cosmetic Act of June 25, 1938, 21 U.S.C. A. § 334, praying the removal thereof to a district of reasonable proximity to said claimant's prinicipal place of business for trial.

V. That thereafter the said United States District Attorney for the District of New Jersey filed in the court and matter aforesaid an Amended Libel for Condemnation seeking the condemnation of 738 cases, more or less, each containing 48 cartons of an article labeled in part "Jiffy-Lou Vanilla

280

Flavor Pudding" upon the grounds and for the cause alleged in the original libel, pursuant to which said Amended Libel and Amended Monition was issued, directed to the aforesaid United States Marshal for the said District of New Jersey, commanding the attachment by said Marshal of the merchandise aforesaid, and pursuant to which said Marshal did attach said 738 cases, more or less, of said merchandise, and thereafter and now holds said merchandise in his custody thereunder.

VI. That thereafter Safeway Stores, Incorporated, a Maryland corporation, intervening in said proceeding, made and filed its amended claim to said merchandise in the manner and form required by law, claiming to be the true and bona fide sole owner of said 738 cases, more or less, of the commodity aforesaid.

VII. That thereafter said claimant filed its further Petition for Removal directed to said Libel and Amended Libel for Condemnation and to the Monitions issued thereon, which said petition was thereafter, and on the 26th day of February, 1945, granted by the said District Court for the District of New Jersey, Judge William J. Smith presiding, and said condemnation proceedings was ordered removed for trial to the United States District Court for the District of Arizona, at Phoenix, Arizona, as a district of reasonable proximity to the principal place of business of said claimant.

VIII. That thereafter said cause was removed to this court and filed herein and within the time limited by law, as extended by proper order, from time to time, Safeway Stores, Incorporated, filed its Answer, claiming to be the owner of said merchandise and denying the same was misbranded and should be condemned, and the matter proceeded to trial upon the record and pleadings aforesaid.

IX. That claimant, Safeway Stores, Incorporated, is the true and bona fide sole owner of the merchandise the subject of said Libel and Amended Libel and the Monition and Amended Monition issued thereon and now in the custody of the United States Marshal for the District of New Jersey.

X. That said 738 cases, more or less, of said merchandise were shipped, as alleged in the Libel and Amended Libel aforesaid, in interestate commerce, by claimant herein, and then was a food product subject to the provisions and requirements of the Federal Food, Drug, and Cosmetic Act of June 25, 1938, 21 U.S.C. 301, et seq., 21 U.S.C.A. § 301 et seq.

XI. That the food product sought to be condemned herein is a preparation or formula containing ingredients which require the addition of a standard and recognized quantity of liquid to produce a food for human consumption, and said merchandise is not prepared or sold by claimant for use as food in the form sold; that said merchandise is sold by claimant for use as food after the addition of said liquids and after cooking.

XII. That the container used is of a size which is recognized by the general public as a standard size for this and similar commodities and contains a standard amount of ingredients sufficient to produce and make a standard amount of finished product and the amount of finished product expected by the consuming public; that said container plainly states on the outside thereof the weight of the ingredients contained therein and the fact that such ingredients will produce one pint of food when prepared for human consumption.

XIII. That the container used for the commodity sought to be condemned is commonly and universally recognized as containing enough formula and ingredients to make a standard and publicly recognized recipe producing one pint of pudding; that such fact is known to the buying public generally, and there is no relationship between the size of the container used and factors and reasons causing the public to purchase the commodity involved.

XIV. That, while said commodity fills only approximately about 55% of the exterior container without allowance for space required by the inner removable package, the container used is sanitary, convenient to the user, and of a type reasonably necessary in packaging, handling and utilizing the product sought to be condemned; that

the type of inner packaging used in packaging the commodity involved requires the use of an outer container larger than the inner package; that said container is not so filled as to be misleading within the meaning of subdivision (d), Section 343, 21 U.S.C., 21 U.S.C.A. § 343(d), or otherwise, and said container and commodity does not otherwise violate said Federal Food, Drug and Cosmetic Act of June 25, 1938.

### Conclusions of Law.

I. That 21 U.S.C.A. § 343(d), applies only to a container so made, formed or filled as to be misleading in fact.

II. That since the proof shows said container is not so made, formed or filled as to be misleading, the Libel and Amended Libel should be dismissed, the Monition and Amended Monition should be quashed, and the Clerk of the United States District Court for the District of New Jersey should be directed to refund to claimant the cost deposit made by claimant in lieu of a stipulation for costs in the sum of $250.00 and on deposit with said Clerk, and the United States Marshal for the District of New Jersey should be directed to release and deliver said 738 cases, more or less, of said article labeled "Jiffy-Lou Vanilla Flavor Pudding" and that judgment should enter accordingly.